

**FILED** TD
7/15/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AUSA Jennifer E. LaGrange (312) 771-8130

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

BING XUN GONG

Case No.: 26-CR-389
Hon. Keri L. Holleb Hotaling
Magistrate Judge

## AFFIDAVIT IN REMOVAL PROCEEDING

I, John J. Doherty, appearing before United States Magistrate Judge Keri L. Holleb Hotaling by telephone and being duly sworn under oath, state that as a federal law enforcement officer I have been informed that Bing Xun Gong has been charged by Indictment in the District of New Hampshire with the following criminal offense: Conspiracy to Launder Money Instruments, in violation of Title 18, United States Code, Section 1956(h).

The Indictment is attached. The indictment is sealed pending arrest, but the government intends to make an oral motion to unseal it at the initial appearance. A copy of the arrest warrant without personal identifying information also is attached.

JOHN J. DOHERTY
Special Agent
U.S. Treasury, IRS Criminal Investigation

Sworn to and Affirmed by telephone this 15th day of July, 2026.

HON. KERI L. HOLLEB HOTALING
United States Magistrate Judge

FILED - USDC -NH
2025 AUG 6 PM1:30

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 25-cr-66-SM-TSM-01/03 |
| v. | Count 1: Conspiracy to Launder Monetary Instruments (18 U.S.C. §§ 1956(h)) |
| BILL YING LI, BING XUN GONG, and SABIR MAGDEEV | |
| Defendants. | |

## INDICTMENT

The Grand Jury charges:

### Background

At all times material to this indictment:

1.     BILL YING LI was a resident of California.

2.     BING XUN GONG was a resident of Illinois.

3.     SABIR MAGDEEV was a resident of the country of Cyprus.

4.     Market Shark LLC was a company formed in July 2020 as a New Hampshire Limited Liability Company with the New Hampshire Secretary of State's Office. Market Shark LLC filed an annual report with the New Hampshire Secretary of State's Office every year between 2021 and 2025.

### COUNT 1
**[Conspiracy to Launder Monetary Instruments]**
**[18 U.S.C. 1956(h)]**

### The Conspiracy

5.     The allegations set out in paragraphs 1 through 4 of this indictment are hereby re-

alleged and incorporated by reference as if set forth herein.

6.      From on or about an unknown date, but at least by November 1, 2022, and continuing until at least on or about October 14, 2023, in the District of New Hampshire and elsewhere, **BILL YING LI, BING XUN GONG,** and **SABIR MAGDEEV**, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, in violation of Title 18, United States Code, Section 1957.

## **Manner and Means**

It was a manner and means of the conspiracy that:

7. In September 2022, an unknown individual gained unauthorized access to Company 1's email account. This unauthorized access was used to send a request to Company 2, which was a customer of Company 1, to change the bank account payment information that Company 1 used to receive payments. As a result of this request, the account payment information for Company 1 was changed to an account controlled by an individual who had become a victim of an online romance scam. Company 2 sent numerous payments for otherwise legitimate invoices to the bank account controlled by the scam victim.

8. On or about November 1, 2022, another email was sent from the compromised email account at Company 1 to Company 2, claiming that compliance issues with the bank required a change in the bank account payment information for Company 1, this time changing the payment information to an account owned and controlled by GONG held at Fifth Third Bank. Approximately 15 minutes before this email was sent, GONG sent LI the account information that was subsequently sent by the individual using the compromised email account.

9. Between November 18, 2022, and December 7, 2022, Company 2 sent $2,754,843.54 in payments for otherwise legitimate invoices issued by Company 1, to the GONG bank account. Company 1 never received these payments. Neither Company 1 nor Company 2 had any business relationship, or any other relationship, with GONG, and Company 2 did not intend to pay the Company 1 invoices through GONG or his bank account.

10. Between November 21, 2022, and December 2, 2022, approximately $2,180,000 was transferred from the GONG bank account containing Company 2's payments to a business account at Fifth Third Bank in the name of An Hao Hui Inc. The sole signatory on the An Hao Hui account was GONG.

3

11.     Between November 25, 2022, and December 6, 2022, GONG wired approximately $1,902,592 from the An Hao Hui account to various accounts at the direction of LI, including to accounts controlled by LI or his partner.

12.     On three occasions between November 29, 2022, and December 6, 2022, LI directed GONG to transfer approximately $1,175,783 from the An Hao Hui account to an account in Malaysia held in the name of Marketbiz Limited.  On each occasion, LI sent GONG an invoice from Marketbiz Limited addressed to An Hao Hui in the specific amount that GONG then wired to Marketbiz Limited.  The invoices indicated that they were for marketing services. MAGDEEV sent these invoices to LI, who in turn sent them along to GONG.  Marketbiz Limited did not perform $1.175 million in marketing services for An Hao Hui or GONG.

13.     As an example, on or about November 27, 2022, LI sent a message to MAGDEEV that read, "The money is coming from the fifth third bank and the amount is going to be 425, because I added my funds in it. Do you need to update the invoice?" The following day, LI messaged MAGDEEV, "They are sending the wire today."  Shortly thereafter, MAGDEEV responded to LI, "Making invoice." MAGDEEV then sent LI an invoice for $425,000 from Marketbiz Limited, and LI in turn sent the invoice to GONG.  On or about November 29, 2022, the $425,000 wire from the An Hao Hui account at Fifth Third Bank to the Marketbiz Limited account in Malaysia cleared.

14.     On or about December 1, 2022, LI sent an image to MAGDEEV with a handwritten breakdown of how the $425,000 would be split up, including $304,250 labeled "payout."  LI then sent a message to MAGDEEV tell him, "Please send the 304,250 to this wallet," along with the address for cryptocurrency wallet hosted at the cryptocurrency exchange Binance.  MAGDEEV provided LI with two transaction hashes for cryptocurrency transfers

4

totaling 304,250 in a cryptocurrency stablecoin called Tether. The Tether was transferred to a cryptocurrency wallet at Binance controlled by Individual 1, a person known to the Grand Jury, who was a Nigerian national

15. On or about December 22, 2022, MAGDEEV sent a message to LI stating that he had a new company that could be used to receive funds called Market Shark LLC, which had a business address of 155 Fleet Street in Portsmouth, New Hampshire. MAGDEEV told LI that he did not yet have a bank account established for Market Shark LLC but would after the new year. In November 2022, Individual 2, a person known to the Grand Jury, registered with the New Hampshire Secretary of State's Office as the new business principal for Market Shark LLC. In February and March 2023, Individual 2 opened bank accounts in the name of Market Shark LLC with Individual 2 as the sole signatory on the accounts. In March of 2023 and March of 2024, Market Shark LLC filed annual reports with the New Hampshire Secretary of State's Office in order to remain in good standing.

16. In or around May 2023, an unknown individual gained unauthorized access to an email account belonging to Company 3. The unknown individual used the email account to contact Company 4 and requested that the payment information for Company 3 be changed to a business bank account in the name of Wei Yang, Inc., controlled by Individual 3, who GONG had previously referred to as his "nephew." On or around June 16, 2023, Company 4 transferred approximately $170,950 to the Wei Yang account.

17. Between June 16 and June 20, 2023, LI used the Wei Yang account to purchase approximately $9,544 in airline tickets.

18. On or around June 19, 2023, MAGDEEV sent LI an invoice purporting to be from Market Shark LLC to Wei Yang for "marketing services" in the amount of $120,000. On

or about June 21, 2023, a wire transfer request was submitted for the Wei Yang account to transfer $120,000 to a Market Shark LLC account held at Flagstar Bank. The wire transfer was not completed by the bank.

19. On an unknown date in 2023, an unknown individual gained unauthorized access to an online portal account belonging to Company 5. The portal was used to manage grant applications and payments. The unknown individual used the unauthorized access to change the bank account information for the payment of grant money to Company 5 to an account controlled by Individual 4, a person known to the Grand Jury, held in the name of 2914 Amusement LLC (Amusement LLC account).

20. Between August 10, 2023, and October 2, 2023, Company 6 sent approximately $482,831 to the Amusement LLC account, believing it to be an account belonging to Company 5. Neither Company 5 nor Company 6 had any business relationship, or any other relationship, with 2914 Amusement LLC, and Company 6 did not intend to pay the grant money to Company 5 through the Amusement LLC account.

21. Between August 11, 2023, and September 28, 2023, the Amusement LLC account transferred the proceeds obtained through the fraud perpetrated on Company 6 to accounts controlled by GONG and LI as well as to accounts in the name of Market Shark LLC. Specifically, during this time period, the Amusement LLC account transferred approximately $150,900 to an account held in the name of An Hao Hui, Inc. and controlled by GONG, and approximately $50,000 to an account controlled by LI. The Amusement LLC account also transferred approximately $186,500 to two accounts held by Market Shark LLC, the company that MAGDEEV provided to LI as a new company to receive laundered funds.

6

22.     On or about September 29, 2023, MAGDEEV messaged LI, "Where to send money." LI responded, "The same wallet," referencing a cryptocurrency wallet that MAGDEEV had sent Tether to on four previous occasions. LI later reminded MAGDEEV to send the cryptocurrency and stressed the importance of sending the funds. MAGDEEV confirmed payment and sent LI a breakdown of LI and MAGDEEV's fees, indicating that the cryptocurrency payment amount would be $31,155. MAGDEEV provided LI a photograph confirming a transaction to a Binance cryptocurrency wallet totaling 31,155 in Tether. The Binance wallet that received the Tether from MAGDEEV was controlled by Individual 5, a person known to the Grand Jury, who was a Nigerian national. MAGDEEV ultimately sent a total of 140,245 Tether to the wallet controlled by Individual 5.

All in violation of Title 18, United States Code, Section 1956(h).

## NOTICE OF FORFEITURE

Upon conviction of the offense alleged in Count One, the defendants, BILL YING LI, BING XUN GONG, and SABIR MAGDEEV shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) any property, real or personal, involved in such offense, and any property traceable to such property.

If any of the property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section

7

2461(c)

  All in accordance with 982(a)(1), 28 U.S.C. § 2461(c) and Rule 32.2(a), Federal Rules of

Criminal Procedure.

                   A TRUE BILL

                   **REDACTED**

Dated: August 6, 2025

                   FOREPERSON

JOHN J. MCCORMACK
ACTING UNITED STATES ATTORNEY

By:                   
   John J. Kennedy
   Assistant U.S. Attorney

8

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
## for the
### District of New Hampshire

RECEIVED

AUG 0 7 2025

U.S. MARSHALS SERVICE

United States of America
v.

BING XUN GONG

_____

*Defendant*

)
)
)
)
)
)
)

Case No.  1:25-cr-66-SM-TSM-02/03

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   Bing Xun Gong                                                                                    ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment        ☐ Superseding Indictment        ☐ Information        ☐ Superseding Information        ☐ Complaint

☐ Probation Violation Petition        ☐ Supervised Release Violation Petition        ☐ Violation Notice        ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1956(h) – Conspiracy to Launder Monetary Instruments

Date:  _____08/06/2025_____

_____
*Issuing officer's signature*

City and state:   ___Concord, New Hampshire___

_____Brier Duhamel, Deputy Clerk_____
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____    _____ <br> *Arresting officer's signature* |
| _____ <br> *Printed name and title* |

